and to restrain the collection of the note, on the ground that the consideration for the note was losses of the maker at gambling at defendant's gambling house, where evidence was conflicting and the master to whom the cause was referred found for the complainant, after hearing the witnesses, his conclusion that the weight of the testimony was in favor of complainant will not be disturbed, in the absence of a showing that he erred therein.

### Dime Savings & Trust Company, Administrator, Appellee, v. Abraham Jacobson, Appellant.

### Gen. No. 5,888.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914. Rehearing granted and opinion filed January 6, 1915.

### Statement of the Case.

Action by Dime Savings & Trust Company, administrator *de bonis non* of the estate of Harry Olin, deceased, against Abraham Jacobson, on the latter's note for $500, payable to Olin, and on his check No. 7592 for $525, also payable to Olin.

Plaintiff introduced said instruments in evidence and proved that it had received them from the former administrator and also that the check had been presented for payment to the bank on which drawn and payment refused for want of sufficient funds.

The defense was payment, which as to the note was testified to by defendant's sister and stenographer, who was present at a conversation between defendant and deceased, and as to the check, by a witness who was present at a conversation between defendant and deceased.

The jury rendered a verdict for plaintiff for $1,176. Defendant's motion for a new trial was denied, and plaintiff had judgment.

From the judgment, defendant appeals.

J. A. CAMERON and J. A. WEIL, for appellant.

KIRK & SHURTLEFF, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 94*—*when survivor not competent in action by administrator.* In an action by an administrator to recover on a check and note given by defendant to plaintiff's decedent, the defendant is not competent to testify as to the defense of payment.

2. PAYMENT, § 29*—*when evidence sufficient to show payment.* In an action by an administrator to recover on a check and note given by defendant to plaintiff's decedent, where defendant pleads payment as a defense and introduces two witnesses, one of whom testified that plaintiff's decedent acknowledged in conversations with defendant in her presence that defendant had paid him the note but that he could not find it and would return it as soon as he could, the other testifying to a similar conversation as to the payment of the check, and also introduces three checks drawn by defendant to plaintiff's decedent or order, one of which had written on it "balance in full payment" of the note in question, and the two of which were marked, respectively, "% check #7592" and "in full of check #7592," there being no evidence that these words were not placed on the checks, before they were delivered, but one witness testifying that the statement on one check was placed on it before delivery. The date and number of check mentioned were the same as those of the check in suit. No evidence was introduced by plaintiff to overcome this evidence. It was *held* that the payment was established by a preponderance of the evidence.

3. INSTRUCTIONS, § 18*—*when improper as to meaning of language.* An instruction which submits to the jury the meaning of language which is plain and can have but one meaning is erroneous as intimating that the court is of opinion that the jury may rightfully place upon the language some other construction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.